# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# OXFORD DIVISION

**TYROWONE LOUIS KIMBLE**                                                                   **PLAINTIFF**

**V.**                        **CIVIL ACTION NO.: 3:18CV38-NBB-RP**

**COFFEEVILLE POLICE DEPT., ET AL.**                              **DEFENDANTS**

## ORDER

Before the Court is (1) Defendant Gage Vance's motion to dismiss this action for Plaintiff Kimble's failure to comply with the Court's prior orders, or alternatively, for sanctions pursuant to Rule 37 of the Federal Rules of Civil Procedure, and (2) Kimble's motion for a protective order to protect him against Defendants' attempts at discovery. *See* Docs. #91, #93.

### I. Background

Kimble initiated the instant action against Defendants Vance and Payne, alleging that officers drew their weapons to coerce him into giving consent to search his home. Defendant Vance sought and obtained leave of Court to depose Kimble, and Defendant Vance subsequently noticed and re-noticed the proceeding. According to counsel for Defendant Vance, Kimble was uncooperative and ended the deposition, stating that he was annoyed and intended to move for a protective order. Defendant Vance filed the instant motion for dismissal or sanctions, claiming that he is prejudiced by his inability to investigate the allegations against him. Conversely, Kimble has filed a motion for a protective order, alleging that counsel for Defendant was hostile and seeking to be exempted from attending any future depositions.

### II. Standard

This Court has the inherent authority to sanction a party for conduct amounting to bad faith during the course of litigation. *See In re Yorkshire, LLC*, 540 F.3d 328, 332 (5th Cir. 2008).

Federal Rule of Civil Procedure 37(d) allows for sanctions when a party fails to appear for a properly noticed deposition. Fed. R. Civ. P. 37(d)(3). These sanctions may include directing that facts be taken as established, prohibiting the party from supporting or opposing claims or defenses, striking pleadings, staying the proceedings until the order is obeyed, dismissing the action, or rendering default judgment. Fed. R. Civ. P. 37(b)(2).

### III. Discussion

Previously, this Court ordered discovery, instructed Kimble about the propriety of a deposition, and entered an Order authorizing the deposition. *See* Docs. #73, #75. Counsel for defendant Vance has noticed and re-noticed the deposition in an attempt to accommodate Kimble. *See* Docs. #85, #87, #91. According to counsel for Defendant Vance, during Kimble's deposition on April 24, 2019, Kimble was uncooperative, refused to answer innocuous questions, and ended the deposition when counsel moved onto questions regarding the merits of his claims. He stated that counsel was "annoying [him]" and that he would "file a protective order." *See* Doc. #91. Defendant Vance notes that in recent litigation in this Court on an unrelated matter, this Court denied Kimble's motion for protective order over his claims that he was not receiving notices of his deposition and that the defendants were harassing him. *See* Docs. #90-1, #90-2. In that case, the Court advised Kimble that the defendants were entitled to conduct discovery. *See id*. Therefore, Defendant notes, Kimble is well aware of his duty to comply with discovery and should be sanctioned for his vexatious behavior.

It is clear to the Court that counsel for Defendant has attempted to accommodate Kimble. Kimble's refusal to meaningfully participate in discovery in a case he initiated has wasted the time and resources of this Court, the attorneys for Defendant, and prison staff. This Court has previously advised Kimble that he cannot sustain a lawsuit if he is unwilling to comply with the Court-ordered discovery. The fact that Kimble felt disrespected during the deposition is an

2

insufficient reason to fail to comply.  Moreover, the fact that the Court has not been more favorable to Kimble's motions is an indication of their lack of merit and not bias by the Court.

However, the Court finds that dismissal of the instant lawsuit and imposition of monetary expenses is too severe a sanction at present.  Therefore, upon due consideration of the arguments presented in each party's respective motion, the Court **ORDERS**:

That both Defendant Vance's motion [91] and Plaintiff's motion [93] are **DENIED**.

That Kimble is **ORDERED** to submit to a deposition at a time and place noticed by counsel for Defendant Vance and meaningfully participate in the deposition.  That is, Kimble must answer questions factually and responsively and not by merely referring the questioner to allegations in his complaint or other filings.  Kimble is warned that failure to meaningfully participate in the deposition may result in this Court dismissing this case with prejudice without further notice.

**SO ORDERED** this 20th day of May, 2019.

/s/ Roy Percy
UNITED STATES MAGISTRATE JUDGE