# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# OXFORD DIVISION

**TYROWONE LOUIS KIMBLE**                                                 **PLAINTIFF**

**V.**                                       **CIVIL ACTION NO.: 3:18CV38-NBB-RP**

**COFFEEVILLE POLICE DEPT.,** *et al.*                                    **DEFENDANTS**

## MEMORANDUM OPINION

Plaintiff Tyrowone Louis Kimble, proceeding *pro se* and *in forma pauperis*, brings a lawsuit pursuant to 42 U.S.C. § 1983 alleging, *inter alia*, that defendant Officer Gage Vance violated his civil rights in both his individual and official capacity by using physical intimidation during an arrest. ECF doc. 1. Following a *Spears* hearing, the Court ordered that Kimble could proceed with his claim that Officer Vance threatened to shoot the Plaintiff if he did not allow a search of his residence. ECF doc. 37. Officer Vance has filed a Motion for Summary Judgment and Qualified Immunity asserting that he is entitled to qualified immunity because he used reasonable, privileged force during the arrest and that Plaintiff cannot demonstrate that Officer Vance is liable in his official capacity for any alleged excessive force. ECF doc. 105. Plaintiff has responded to this motion. ECF doc. 109. Having fully considered the submissions of the parties and the applicable law, the Court finds that Defendant Officer Vance's motion should be granted for the reasons below.

### Summary Judgment Standard

Summary judgment is proper only when the pleadings and evidence, viewed in a light most favorable to the nonmoving party, illustrate that no genuine issues of material fact exist, and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a),(c); *Celotex Corp. v. Catrett*, 477 U.S. 317,322-23 (1986). A fact is deemed "material" if "its resolution in

favor of one party might affect the outcome of the lawsuit under governing law," and is "genuine" if "the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party." *Sossamon v. Lone Star State of Texas*, 560 F.3d 316, 326 (5th Cir. 2009) (quotation omitted). Substantive law determines what is material. *Anderson*, 477 U.S. at 249. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.*, at 248.

Once the motion is properly supported with competent evidence, the nonmovant must show that summary judgment is inappropriate. *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377,380 (5th Cir. 1998); *see also Celotex*, 477 U.S. at 323. The nonmovant cannot rely upon "conclusory allegations, speculation, and unsubstantiated assertions" to satisfy his burden, but rather, must set forth specific facts showing the existence of a genuine issue as to every essential element of his claim. *Ramsey v. Henderson*, 286 F.3d 264, 269 (5th Cir. 2002) (citation omitted); *Morris*, 144 F.3d at 380. If the "evidence is such that a reasonable jury could return a verdict for the nonmoving party," then there is a genuine dispute as to a material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). If no proof is presented, however, the Court does not assume that the nonmovant "could or would prove the necessary facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

**Factual Background**

For the purposes of the summary judgment motion, the Court will consider the facts in the light most favorable to the plaintiff. *See Anderson, supra.* On September 1, 2017, Kimble was lawfully arrested at his residence in Coffeeville, Mississippi. At the time, the Plaintiff was ordered to serve "weekend time" from 6:00 p.m. on Friday to 6:00 p.m. on Sunday for a charge

of disturbing the peace. Kimble, who worked as a trucker, was delayed in returning to Coffeeville and had obtained permission to report late for his weekend time. Meanwhile, the Coffeeville Police Department had obtained a bench warrant for Kimble's arrest based on information that Kimble was present at his residence and had not reported to the jail. After being presented with the bench warrant, Kimble walked out of the house with the officers and locked his front door. At that time, Kimble was handcuffed and placed under arrest. Officer Vance then stated that he smelled marijuana and asked to search Kimble's residence. Kimble refused. Kimble alleges that the officers then drew their weapons and intimidated him, coercing Kimble to allow them to search his house.

The crux of Kimble's allegation against Officer Vance is that, while Kimble was handcuffed and under arrest, Officer Vance threatened and intimidated him. ECF doc. 1, pg. 5. In his initial complaint, Kimble asserts that, while he was handcuffed at the front door, one of the officers involved said he would shoot Kimble in the back and claim that Petitioner had attempted to run. ECF doc. 1, pg. 5. Kimble clearly alleges in his complaint that Officer Vance threatened and intimidated him but is unclear as to which officer allegedly threatened to shoot Kimble if he did not allow them to search his residence. In his deposition, Kimble states that, while he and the officers were at the side of the house, he was told, "they'll shoot me and stuff like that if I didn't do it," and that the officers had drawn their guns. ECF doc. 105-3, pg. 6. Kimble led the officers to the back door, which he kicked down. At that point, the officers searched the home. While Kimble claims that he was threatened and that Officer Vance brandished a weapon, he does not allege any physical injuries.

**Analysis**

The very purpose of summary judgment is to "pierce the pleadings and assess the proof in order to see whether there is a genuine issue for trial." Advisory Committee Note to the 1963 Amendments to Rule 56. Indeed, "[t]he amendment is not intended to derogate from the solemnity of the pleadings. Rather, it recognizes that despite the best efforts of counsel to make his pleadings accurate, they may be overwhelmingly contradicted by the proof available to his adversary." *Id*. The non-moving party (the plaintiff in this case), must come forward with proof to support each element of his claim. The plaintiff cannot meet this burden with "some metaphysical doubt as to the material facts," *Matsushita*, 475 U.S. at 586, 106 S.Ct. at 1356, "conclusory allegations," *Lujan v. National Wildlife Federation*, 497 U.S. 871, 871-73, 110 S.Ct. 3177, 3180 (1990), "unsubstantiated assertions," *Hopper v. Frank*, 16 F.3d 92 (5th Cir. 1994), or by a mere "scintilla" of evidence, *Davis v. Chevron U.S.A., Inc.*, 14 F.3d 1082 (5th Cir. 1994). It would undermine the purposes of summary judgment if a party could defeat such a motion simply by "replac[ing] conclusory allegations of the complaint or answer with conclusory allegations of an affidavit." Other than the bare assertions in his complaint, the plaintiff has presented no evidence that an officer threatened to shoot him if he did not allow them to search his house. More importantly, Kimble has not offered any proof that it was specifically Officer Vance who made such a threat.

Further, the Fifth Circuit has recognized:

> [I]n the Eighth Amendment context, our circuit has recognized as a general rule that "mere threatening language and gestures of a custodial office[r] do not, even if true, amount to constitutional violations". *McFadden* [*v. Lucas*]*,* 713 F.2d [143] at 146 (quoting *Coyle v. Hughs,* 436 F.Supp. 591, 593 (W.D.Okla.1977)); *accord Johnson v. Glick,* 481 F.2d 1028, 1033 n. 7 (2nd Cir.) (the use of words, no matter how violent, does not comprise a §1983 violation), *cert. denied,* 414 U.S. 1033, 94 S.Ct. 462, 38 L.Ed.2d 324 (1973); *Collins v. Cundy,* 603 F.2d 825, 827 (10th Cir.1979) (verbal harassment consisting of sheriff's threat to "hang" prisoner

does not state constitutional deprivation actionable under §1983).

*Robertson v. Plano City of Texas*, 70 F.3d 21, 24 (5th Cir. 1995). Kimble does not allege that he suffered any physical injury as a result of Officer Vance's actions. Instead, Kimble asserts that he suffered "mental anguish, emotional distress, duress, [and] intimidation." ECF doc. 1, pg. 5. Similarly, to the facts in *McFadden*, while the actions alleged in this case are extreme, "absent more, [they] cannot be said to rise to the level of conduct which 'shocks the conscience.'" *McFadden*, 713 F.2d at 147. Even taken as true, Kimble's claim that Officer Vance threatened and intimidated him does not rise to the level of a constitutional violation.

"[A]ll claims that law enforcement officers have used excessive force – deadly or not – in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard…." *Graham v. Connor*, 490 U.S. 386, 395 (1989). The *Graham* Court further held, "the question is whether the officers' actions are "objectively reasonable" in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Id*. at 397. Assuming *arguendo* that Kimble's account is true, at the time Officer Vance drew his gun, he had a suspect under arrest and was preparing to enter a locked residence which they suspected to contain drugs. Officer Vance did not know who might be waiting inside the house and whether they may be armed. In such circumstances, it is not unreasonable for a law enforcement officer to draw his weapon.

Defendant Vance has asserted a defense of qualified immunity. Qualified immunity shields a government official "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). The Fifth Circuit has held that the primary questions is, "whether, taking the facts in the

light most favorable to the plaintiff, the officer's alleged conduct violated a constitutional right." *Lytle v. Bexar County, Tex.*, 560 F.3d 404, 410 (5th Cir. 2009), citing *Saucier v. Katz*, 533 US 194, 201 (2001). "If we determine that the alleged conduct did not violate a constitutional right, our inquiry ceases because there is no constitutional violation for which the government official would need qualified immunity." *Id*. Because the threats alleged by Kimble do not rise to the level of a constitutional violation, there is no need to invoke qualified immunity in this case. Accordingly, Defendant Vance's motion for summary judgment is well taken.

## Conclusion

For the foregoing reasons, the Court finds that Defendant Vance's motion for summary judgment should be granted. A separate order in accordance with this opinion shall issue this day.

This, the 9th day of October, 2019.

/s/ Neal Biggers
**NEAL B. BIGGERS, JR.**
**UNITED STATES DISTRICT JUDGE**